IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-211

**Mary Seshaseyee,** Individually and on
Behalf of All Others Similarly Situated
    Plaintiff,

v.

**FASTAFF, LLC, and U.S. Nursing Corporation,**
    Defendants.

---

### ORIGINAL COMPLAINT—COLLECTIVE ACTION
---

Plaintiff Mary Seshasayee ("Plaintiff"), individually and on behalf of all others similarly, by and through undersigned counsel, for her Original Complaint – Collective Action ("Complaint") against Defendants FASTAFF, LLC, and U.S. Nursing Corporation (collectively "Defendant" or "Defendants"), states and alleges as follows:

### I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendants for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA").

2. Plaintiff seeks declaratory judgment, monetary damages, liquidated damages, interest, and a reasonable attorney's fee and costs as a result of Defendants' policies and practice of failing to pay proper overtime compensation under the FLSA.

3. Upon information and belief, within the three years prior to the filing of the Complaint, Defendants have willfully and intentionally committed violations of the FLSA as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the District of Colorado has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Defendants are headquartered within the State of Colorado.

6. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Colorado has personal jurisdiction over Defendants, and Defendants therefore "reside" in Colorado.

## III. THE PARTIES

7. Plaintiff is an individual and resident of Socorro County, New Mexico.

8. Defendant FASTAFF, LLC ("Fastaff"), is a domestic limited liability company.

9. Fastaff's registered agent for service is CT Corporation System at 7700 E. Arapahoe Road, Suite 220, Centennial, Colorado 80112.

10. Separate Defendant U.S. Nursing Corporation ("U.S. Nursing") is a domestic, for-profit corporation.

11. U.S. Nursing's registered agent for service is CT Corporation System at 7700 E. Arapahoe Road, Suite 220, Centennial, Colorado 80112.

12. Defendants are headquartered in Greenwood Village, Colorado.

## IV. FACTUAL ALLEGATIONS

13. Defendants provide staffing services to travel nursing markets.

14. Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

15. During each of the three years preceding the filing of this Complaint, Defendants employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

16. Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies and set schedules for their employees through unified management.

17. Upon information and belief, the revenue generated from Fastaff and U.S. Nursing was merged and managed in a unified manner.

18. As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise.

19. Fastaff was responsible for assigning Plaintiff's travel locations, had the authority to discipline Plaintiff up to and including termination of her employment, instructed Plaintiff in her duties and set timekeeping policies for Plaintiff.

20. Fastaff was an "employer" within the meanings set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

21. U.S. Nursing hired Plaintiff and was responsible for paying Plaintiff wages.

22. U.S. Nursing was an "employer" within the meanings set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

23. Defendants were joint employers within the meaning of the FLSA and its related regulations.

24. Defendants employed Plaintiff within the 3 years before the filing hereof.

25. Specifically, Defendants employed Plaintiff as an hourly-paid Travel Nurse from January of 2020 until January of 2022.

26. Defendants also employed other hourly-paid Travel Nurses within the three years preceding the filing of this lawsuit.

27. At all relevant times herein, Defendants directly hired Plaintiff and other Travel Nurses to work on their behalf, paid them wages and benefits, controlled their work schedule, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

28. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA.

29. Defendants classified Plaintiff as nonexempt from the overtime provisions of the FLSA and paid her an hourly wage.

30. Defendants also classified other Travel Nurses as nonexempt from the overtime provisions of the FLSA and paid them an hourly wage.

31. Upon information and belief, Defendants apply or cause to be applied substantially the same employment policies, practices and procedures to all Travel Nurses, including policies, practices, and procedures relating to payment of wages.

32. Plaintiff and the other Travel Nurse's primary responsibilities were traveling to different hospital locations, providing medical services to patients and charting patient statuses.

33. Plaintiff regularly worked more than 40 hours per week during her employment with Defendants.

34. Upon information and belief, other Travel Nurses also regularly or occasionally worked more than 40 hours per week during their employment with Defendants.

35. Defendants regularly scheduled Plaintiff and other Travel Nurses to work approximately 48 hours per week.

36. Plaintiff tracked her hours by emailing a timesheet to Fastaff on a weekly basis. Likewise, some of the hospitals and facilities to which Plaintiff was assigned to work required Plaintiff to track her hours worked using their timekeeping system.

37. Upon information and belief, other Travel Nurses also tracked their hours by emailing a timesheet to Fastaff on a weekly basis. Upon information and belief, some of the hospitals and facilities to which other Travel Nurses were assigned to work required other Travel Nurses to track their hours worked using their timekeeping system.

38. Plaintiff regularly worked hours which went uncompensated.

39. Plaintiff was required to complete patient charting and other administrative work after her shift was over.

40. Because Plaintiff typically spent her entire scheduled shift caring for patients, she was regularly required to complete patient charting and other administrative work after her scheduled shifts.

41. Defendants regularly failed to pay Plaintiff for the time she worked performing charting and administrative work after her shift ended.

42. Upon information and belief, because other Travel Nurses also typically spent their entire shifts caring for patients, other Travel Nurses were also required to complete patient charting and other administrative work after their scheduled shifts.

43. Upon information and belief, Defendants also regularly failed to pay other Travel Nurses for time they spent completing patient charting and other administrative work after their shifts ended.

44. The hours Plaintiff and other Travel Nurses spent performing these duties after their scheduled shift went unrecorded and uncompensated due to Defendants' policy of compensating only for Travel Nurses' scheduled hours.

45. Defendants automatically deducted a daily thirty-minute lunch break from Plaintiff's hours worked.

46. Plaintiff regularly worked through her lunch hour.

47. Upon information and belief, Defendants also automatically deducted a thirty-minute lunch break from other Travel Nurses' hours worked, but other Travel Nurses were also regularly required to work though lunch.

48. Because Plaintiff and other Travel Nurses were required to work during their lunch breaks, they worked hours which went uncompensated.

49. Plaintiff and other Travel Nurses worked hours which went unrecorded and uncompensated in weeks in which they also worked hours over forty hours.

50. Defendants assigned Plaintiff and other Travel Nurses so much work that they could not always complete it within their scheduled hours.

51. Defendants knew or should have known that they did not pay Plaintiff and other Travel Nurses for all hours worked.

52. Defendants knew or should have known that Plaintiff and other Travel Nurses worked hours which went uncompensated.

53. Plaintiff was required to pay for some travel and lodging out of pocket.

54. Upon information and belief, other Travel nurses were required to pay for some travel and lodging out of pocket.

55. Plaintiff and other Travel Nurses' travel and lodging expenses caused their effective hourly rate to drop below the minimum wage for some workweeks, which "kicked-back" the cost of lodging and travel to Defendants.

56. The net effect of Defendants' practices and policies regarding Plaintiff's job duties, pay and timekeeping policies, as described above, is that Defendants intentionally implemented practices in order to avoid paying an overtime premium for hours worked over forty each week.

57. Defendants made no reasonable efforts to ascertain and comply with applicable law.

58. Defendants knew or showed reckless disregard for whether their actions violated the FLSA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

59. Plaintiff brings her claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are or will be employed by Defendants as similarly situated employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A. Regular wages and overtime premiums for all hours worked for Defendants in excess of forty each week;

B. Liquidated damages; and

C. Attorney's fees and costs.

60. Plaintiff proposes the following collective under the FLSA:

**All Travel Nurses in the last three years**

61. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

62. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

63. The members of the proposed FLSA collective are similarly situated in that they share these traits:

64. They were classified by the Defendants as nonexempt from the minimum wage and overtime requirements of the FLSA;

A. They had substantially similar job duties and requirements;

B. They were subject to Defendants' policy and practice of deducting a lunch break regardless of whether the Travel Nurses worked through lunch;

C. They were required to complete patient charting and other administrative work off the clock after their shifts had ended; and

D. They worked hours which went uncompensated in at least on week within the last three years in which they also worked over forty hours.

65. Plaintiff's claims are essentially the same as those of the putative collective.

66. Defendants' unlawful conduct is pursuant to a corporate policy or practice.

67. Plaintiff is unable to state the exact number of potential members of the FLSA collective but believes that the collective exceeds 20 persons.

68. Defendants can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendants.

69. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendants.

70. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendants.

## VI. FIRST CLAIM FOR RELIEF
(Individual Claim for Violation of the FLSA)

71. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

72. At all relevant times, Defendants have been, and continue to be, enterprises engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

73. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

74. Defendants classified Plaintiff as nonexempt from the requirements of the FLSA.

75. Defendants failed to pay Plaintiff for all hours worked.

76. Despite Plaintiff's entitlement to overtime payments under the FLSA, Defendants failed to pay Plaintiff 1.5x her regular rate for all hours worked in excess of 40 per week.

77. Defendants knew or should have known that its actions violated the FLSA.

78. Defendants' conduct and practices, as described above, were willful.

79. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

80. Defendants have not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

81. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

82. Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

83. At all relevant times, Defendants have been, and continue to be, enterprises engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

84. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

85. Defendants classified Plaintiff and other similarly situated employees as nonexempt from the overtime provisions of the FLSA.

86. Defendants failed to pay Plaintiff and similarly situated employees for all hours worked.

87. Defendants failed to pay Plaintiff and similarly situated employees 1.5x their regular rate for all hours worked in excess of 40 per week.

88. Defendants deprived Plaintiff and similarly situated employees of compensation for all of the hours worked over forty per week, in violation of the FLSA.

89. Defendants knew or should have known that its actions violated the FLSA.

90. Defendants' conduct and practices, as described above, were willful.

91. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

92. Defendants have not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

93. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Mary Seshasayee, individually on behalf of all others similarly situated, respectfully pray that Defendants be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendants' practices alleged in this Complaint violate the FLSA and its related regulations;

B. Certification of collectives under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C. Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid overtime wages under the FLSA and its related regulations;

D. Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA and its related regulations;

E. An order directing Defendants to pay Plaintiff and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**MARY SESHASAYEE, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Col. Bar No. 44358
josh@sanfordlawfirm.com