IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-00211-KLM

**MARY SESHASAYEE**, individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

**FASTAFF, LLC** and **U.S. NURSING CORPORATION**,

    Defendants.

## JOINT MOTION TO TEMPORARILY STAY DEADLINES AND RESET SCHEDULING CONFERENCE

Pursuant to D.C.COLO.LCivR 16.6, the Parties hereby submit this Joint Motion to Temporarily Stay the deadlines in this matter to pursue early resolution of the disputes. In support of this Motion, the Parties state as follows:

1. Plaintiffs filed their Complaint against Defendants on January 24, 2023. ECF 1.

2. Defendants were served on February 16, 2023. ECF Nos. 6-7.

3. The deadline for the Parties to file a Proposed Scheduling Order is April 19, 2023.

4. The deadline for Defendants to respond to Plaintiffs' Complaint is April 25, 2023.

5. The Scheduling Conference is set for April 26, 2023.

6. The Parties previously stipulated to an extension of time for Defendants to file a responsive pleading on March 6, 2023, and March 29, 2023. ECF Nos. 8 & 11.

7. The Parties previously jointly moved to continue the scheduling conference until April 26, 2023. ECF No. 9.

1

8. The Parties recently began productive discussions regarding the possibility of resolving Plaintiffs' claims.

9. The Parties are actively engaged in settling this dispute.

10. The Parties agree that temporarily staying the deadlines currently set in this matter will allow the Parties to focus their efforts on resolving Plaintiffs' claims.

11. As set forth in *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936), "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." The Local Rules for the District of Colorado likewise encourage the resolution of disputes through alternative dispute resolution and provide that "[t]o facilitate settlement or resolution of the suit, the district judge or a magistrate judge exercising consent jurisdiction may stay the action in whole or in part during a time certain or until further order." D.C.COLO.LCivR 16.6.

12. When deciding whether a party requesting a stay has shown good cause, the Court considers: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006).

13. Here, the Parties jointly request this temporary stay of proceedings pending the outcome of a good faith attempt to resolve their dispute. Therefore, neither Party is burdened by this stay.

14. The requested stay will also conserve the resources of the Court. Allowing the

Parties time to resolve their claims in mediation could obviate the need for extensive briefing and subsequent rulings on the legal issues implicated by the Complaint.

15. Should negotiations prove unsuccessful, the Parties agree to promptly move forward with the case. The Parties agree to file a Joint Status report with the Court by June 5, 2023 R– 45 days following this request to stay proceedings.

16. The Parties jointly propose that the Defendants' deadline to respond to Plaintiffs' Complaint be set for two weeks after the stay expires, up to and including June 19, 2023.

17. The Parties also request that the Court vacate the Scheduling Conference. The Parties propose that the Parties jointly contact the Court by June 12, 2023 (proposed stay expiration date) to reset the scheduling conference if necessary.

WHEREFORE, the Parties respectfully request that the Court grant this Joint Motion and order that:

A. All deadlines in this matter are temporarily stayed for 45 days, up to and including June 5, 2023;

B. The Parties shall file a Joint Status Report by June 5, 2023;

C. The deadline for Defendants to respond to the Complaint be set for June 19, 2023;

D. The Scheduling Conference is vacated; and

E. The Parties will jointly contact the Court by June 12, 2023, to reset the Scheduling Conference if the case is not otherwise resolved and/or dismissed.

Undersigned counsel certify that a copy of this Motion is being served on their clients, as required pursuant to D.C.COLO.LCivR 6.1(c).

Respectfully April 19, 2023.

| | |
|---|---|
| */s/ Sean Short* | */s/ Elizabeth A. Austin* |
| Sean Short | Bronwyn H. Pepple |
| Joshua J. Sanford | Mairead Dolan |
| Sanford Law Firm, PLLC | Elizabeth A. Austin |
| 10800 Financial Centre Parkway | WILLIAMS WEESE PEPPLE & FERGUSON PC |
| Kirkpatrick Plaza | 1801 California Street, Suite 3400 |
| Suite 510 | Denver, CO 80202 |
| Little Rock, AR 72211 | Telephone: (303) 861-2828 |
| 501-221-0088 | Facsimile: (303) 861-4017 |
| sean@sanfordlawfirm.com | bpepple@williamsweese.com |
| josh@sanfordlawfirm.com | mdolan@williamsweese.com |
| | |
| *Attorneys for Plaintiff and the Putative Collective* | *Attorneys for Defendants* |

**CERTIFICATE OF SERVICE**

I hereby certify that on April 19, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following counsel of record via email:

Sean Short
Joshua J. Sanford
Sanford Law Firm, PLLC
10800 Financial Centre Parkway
Kirkpatrick Plaza
Suite 510
Little Rock, AR 72211
sean@sanfordlawfirm.com
josh@sanfordlawfirm.com

*Attorneys for Plaintiff and
the Putative Collective*

             s/ *Brenda Trujillo*
             WILLIAMS WEESE PEPPLE & FERGUSON PC